IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REFIJA HRNJIC,                        )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )  Civil Action No.  1:16-302
                                      )
NANCY A. BERRYHILL, Acting            )
Commissioner of Social Security,[1]   )
                                      )
            Defendant.                )
                                      )

AMBROSE, Senior District Judge

# OPINION
## and
# ORDER OF COURT

## SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 7 and 11]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 8 and 12]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Plaintiff's Motion [ECF No. 7] is granted to the extent that this case is remanded to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion [ECF No. 11] is denied.

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB")

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

under Title II of the Social Security Act ("Act").   On or about May 6, 2013, Plaintiff applied for DIB. [ECF No. 5-6 (Ex. 1D)].  In her application, she alleged that since October 24, 2012, she had been disabled due to post traumatic stress disorder, depression, aggression/insomnia, dizziness, frequent headaches, loss of cartilage/fluid buildup in left knee and shoulder, stiffness/pain in neck on left side, varying high/low blood pressure, low white blood count, and war wound in right rib cage.  [ECF No. 5-7 (Ex. 2E) at 157].  Her date last insured is December 31, 2017.  [ECF No 5-2, at 13].  The state agency denied her claims initially, and she requested an administrative hearing.  [ECF No. 5-4 (Ex. 2B)].  Administrative Law Judge ("ALJ") Wayne Stanley held a video hearing on March 24, 2015, at which Plaintiff was represented by counsel.  [ECF No. 5-2 at 25-55].  Plaintiff appeared at the hearing by video and testified on her own behalf, with the aid of an interpreter.  Id.  A vocational expert also was present at the hearing and testified.  Id. at 49-54. In a decision dated June 4, 2015, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act.  Id. at 11-19.  Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on October 19, 2016, the Appeals Council denied Plaintiff's request for review.  Id. at 1-3.  Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment.   [ECF Nos. 7 and 11]. The issues are now ripe for my review.

## II.    LEGAL ANALYSIS

### A.    STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate."  Ventura v. Shalala, 55 F.3d

900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity.

20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.  WHETHER THE ALJ ERRED IN CONCLUDING THAT PLAINTIFF'S MAJOR DEPRESSIVE DISORDER AND POST-TRAUMATIC STRESS DISORDER WERE NON-SEVERE**

Plaintiff argues that the ALJ erred at step two of the sequential evaluation process in determining that her major depressive disorder and post-traumatic stress disorder were non-severe mental impairments. [ECF No. 8, at 18-19]. I disagree. The step-two inquiry into an impairment's severity "is a *de minimis* screening device to dispose of groundless claims." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). As set forth in 20 C.F.R. § 404.1522(a), an impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. The regulations define basic work activities as the abilities or aptitudes necessary to do most jobs, including mental activities such as understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1522(b). Thus, an impairment is not severe if the evidence establishes only a slight abnormality that has no more than a minimal effect on an individual's ability to work. Newell, 347 F.3d at 546; Mays v. Barnhart, 78 F. App'x

4

808, 811 (3d Cir. 2003); S.S.R. 85-28. Any doubt as to whether the step-two showing has been made must be resolved in favor of the claimant. Newell, 347 F.3d at 546-47.[2]

In cases involving mental impairments, the Social Security Administration Regulations set forth a specific technique for determining whether the mental impairment is severe. 20 C.F.R. § 404.1520a. Under this technique, if the ALJ determines that a claimant's symptoms, signs, and laboratory findings support the existence of a medically determinable impairment, he then must assess the claimant's limitations in four functional areas to determine whether that impairment is "severe." Id. § 404.1520a(b). The four functional areas include: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. Id. § 404.1520a(c). If the ALJ rates the degree of the claimant's limitation in the first three functional areas as "none" or "mild" and as "none" in the fourth area, he generally will conclude that the impairment is not severe unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities. Id. § 404.1520a(d)(1). In his written decision, the ALJ must incorporate his pertinent findings and conclusions based on this technique, including a specific finding as to the degree of limitation in each of the four functional areas. Id. § 404.1520a(e). The key question when reviewing the ALJ's Step 2 determination is not whether Plaintiff's impairments were in fact severe, but, rather, whether substantial evidence supports the ALJ's finding that those impairments were not severe.

In this case, I agree with Defendant that substantial evidence supports the ALJ's finding

---

[2] Although the Court of Appeals for the Third Circuit has commented that the Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny, it also has made clear that it does not suggest that a reviewing court apply a more stringent standard of review in such cases. McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). Rather, "[t]he Commissioner's denial at step two, like one made at any other step in the sequential analysis, is to be upheld if supported by substantial evidence on the record as a whole." Id. at 360-61.

that Plaintiff's mental impairments are not severe. As an initial matter, the ALJ properly analyzed Plaintiff's impairments in accordance with the special technique set forth in 20 C.F.R. § 404.1520a. First, the ALJ recognized Plaintiff's major depressive disorder and post-traumatic stress disorder as medically determinable impairments. [ECF No. 5-2 at 14].[3] He then properly analyzed those impairments in accordance with the special technique outlined above, including making specific findings as to the degree of limitation in each of the four functional areas as a result of Plaintiff's mental impairments. Id. In this regard, the ALJ concluded that Plaintiff had no limitation in her activities of daily living and "mild" limitations with respect to social functioning and concentration, persistence, or pace; and that there was no evidence of any episodes of decompensation of extended duration. Id. Based on his analysis, the ALJ concluded that Plaintiff's mental impairment was not severe. Id. (citing 20 C.F.R. § 404.1520a(d)(1)).

The ALJ properly supported these findings with substantial evidence in the record. See ECF No. 5-2 at 14 (citing, inter alia, Exhibits 11F, 14F, 26F, and Plaintiff's hearing testimony). In addition to citing treating psychiatrist notes, medication history, and Plaintiff's activities of daily living, the ALJ gave great weight to consultative examiner, Glenn Bailey, Ph.D., who examined Plaintiff on August 23, 2013. See id. (citing Ex. 14F). Dr. Bailey completed a medical source statement in which he opined that Plaintiff had mild limitations on: her ability to understand, remember, and carry out simple instructions; her ability to make judgments on simple work-related decisions; her ability to interact appropriately with the public; and her ability to respond appropriately to usual work situations and to changes in a routine work setting. Dr. Bailey further opined that Plaintiff had moderate limitations on her ability to understand, remember, and carry

---

[3] The ALJ also concluded that Plaintiff had a parotid cyst that was a non-severe impairment. [ECF No. 5-2 at 13-14]. Plaintiff does not challenge the ALJ's "non-severe" finding with respect to this impairment, and I do not address it further here.

6

out complex instructions; and her ability to make judgments on complex work-related decisions. He also found that Plaintiff had no limitations on her ability to interact appropriately with the public and supervisors. [ECF No. 5-14 (Ex. 14F)].[4]

Plaintiff's argument that Dr. Bailey's opinion is inconsistent with a finding of non-severity is misplaced. As set forth above, Dr. Bailey found mild or no limitations in most areas, consistent with a finding that Plaintiff's mental impairments were only slight abnormalities that had no more than a minimal effect on the ability to do basic work activities. See S.S.R. 96-3p. Although Dr. Bailey found a few moderate limitations, those limitations were confined to Plaintiff's abilities with respect to *complex* instructions and work-related decisions, not the simple instructions and decisions that the phrase "basic work activities" contemplates. See 20 C.F.R. § 404.1522 (citing examples of "basic work activities" including: understanding, carrying out, and remembering *simple* instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting). Plaintiff's additional suggestion that the ALJ erroneously ignored the state reviewing physician's report categorizing Plaintiff's mental impairments as severe likewise is without merit. See ECF No. 5-3 (Ex. 1A). The ALJ directly acknowledged the state reviewer's report, but gave the opinion less weight because, unlike Dr. Bailey, the state agency physician did not examine Plaintiff, and Dr. Bailey's report was better supported by the totality of the medical evidence. [ECF No. 5-2 at 14]. These

---

[4] The medical source statement defines "none" as "[a]bsent or minimal limitations. If limitations are present they are transient and/or expected reactions to psychological stresses." It defines "mild" as "a slight limitation in this area, but the individual can generally function well," and "moderate" as "more than a slight limitation in this area, but the individual is still able to function satisfactorily." [ECF No. 5-14 (Ex. 14F)].

are appropriate reasons for discounting a medical opinion under the regulations. See 20 C.F.R. § 404.1527.[5] For all of these reasons, I find no error in the ALJ's approach.

In addition, and in any event, the ALJ did not deny Plaintiff's application for benefits at step two of the analysis. Rather, the ALJ found in Plaintiff's favor at step two when he concluded that Plaintiff's musculoskeletal pain and obesity were severe impairments. [ECF No. 5-2 at 13]. The ALJ ruled against Plaintiff at steps four and/or five of the sequential evaluation process, after concluding that her residual functional capacity was sufficient to enable her to perform certain work existing in the economy. Id. at 15-18. Because the ALJ found in Plaintiff's favor at step two and proceeded with the sequential analysis, even if he had erroneously concluded that her mental impairments were not severe, any such error was harmless. See Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 144-45 & n.2 (3d Cir. 2007) (citing Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005)).[6]

In short, the ALJ's finding that Plaintiff's mental impairments were not severe is supported by substantial evidence and/or any error in this regard was harmless. Accordingly, Plaintiff's Motion for Summary Judgment on this issue is denied.

**C.    WHETHER THE ALJ IMPROPERLY DETERMINED PLAINTIFF'S RFC BY FAILING TO INCLUDE NON-EXERTIONAL LIMITATIONS**

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of light work as defined in 20 C.F.R. § 404.1567(b), with no additional limitations. [ECF No. 5-2 at 15-17]. The ALJ ultimately concluded that considering Plaintiff's age, education, work

---

[5] Although the regulations governing the evaluation of medical evidence were recently amended, the version effective March 27, 2017, does not apply to the present claim. See 20 C.F.R. §§ 404.1527, 404.1520c (2017).

[6] In so finding, I do not agree that the ALJ properly considered all of Plaintiff's impairments, including her alleged mental impairments, in making his residual functional capacity determination. I address this argument in the following sub-section.

experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled within the meaning of the Act. Id. at 18. The responsibility for deciding a claimant's RFC rests with the ALJ and is based on the entire record. 20 C.F.R. §§ 404.1545, 404.1546. In making an RFC assessment, the "ALJ must describe how the evidence supports his conclusion and explain why certain limitations are not accepted as consistent with the medical or other evidence." Noah v. Astrue, Civil Action No. 12-091, 2013 WL 364235, at *2 (W.D. Pa. Jan. 30, 2013) (citing Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999)).

Plaintiff argues that the ALJ erred in failing to include any non-exertional limitations related to her mental impairments in his RFC finding and in failing to rely on vocational expert testimony regarding the same. [ECF No. 8, at 16-19]. I agree that the ALJ's omissions in this regard necessitate remand. Even if substantial evidence supported the ALJ's step-two finding that Plaintiff's mental impairments were non-severe, he "still was required to analyze what limitations her non-severe impairments caused in constructing his RFC finding." Kobulnicky v. Astrue, Civil Action No. 11-1349, 2013 WL 1290955, at *7 (W.D. Pa. Mar. 27, 2013); see also 20 C.F.R. § 404.1545(a)(2). "[T]he RFC must consider all functional limitations, including *mild* limitations from impairments that the ALJ has previously determined to be non-severe." Zapata-Alvarez v. Colvin, Civil Action No. 14-2830, 2015 WL 5179477, at *7 (E.D. Pa. Sept. 4, 2015) (emphasis added); Curran v. Astrue, Civil Action No. 11-5894, 2012 WL 5494616, at *5 (E.D. Pa. Nov. 13, 2012). Although a non-severe impairment alone "may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of the claim." S.S.R. 96-8p.

As set forth above, although the ALJ concluded that Plaintiff's depression and PTSD were

9

non-severe, he found that she had mild limitations in social functioning and concentration, persistence, or pace. [ECF No. 5-2, at 14]. The ALJ also gave great weight to the opinions contained in Dr. Bailey's medical source statement, which stated that Plaintiff had mild limitations on: her ability to understand, remember, and carry out simple instructions; her ability to make judgments on simple work-related decisions; her ability to interact appropriately with the public; and her ability to respond appropriately to usual work situations and to changes in a routine work setting. Dr. Bailey further opined that Plaintiff had moderate limitations on her ability to understand, remember, and carry out complex instructions; and her ability to make judgments on complex work-related decisions. See id. (citing Ex. 14F). Despite these findings, and despite his acknowledgement that steps four and five of the sequential analysis require a more detailed assessment of Plaintiff's functional limitations, see id. at 15, the ALJ's RFC determination focuses solely on her complaints of physical pain and is silent as to the limitations caused by Plaintiff's non-severe mental impairments. Id. at 15-18. This failure to address the non-exertional limitations associated with Plaintiff's mental impairments is error that the ALJ must correct on remand. See, e.g., Kobulnicky, 2013 WL 1290955, at *7; Washington v. Astrue, Civil Action No. 08-2938, 2009 WL 855893, at **1-2 (E.D. Pa. Mar. 31, 2009).

I further agree with Plaintiff that the ALJ erred in choosing not to rely on vocational expert testimony regarding Plaintiff's non-exertional limitations and/or failing to explain that choice. Although the ALJ obtained vocational expert testimony at the hearing, he did not rely on that testimony in making his RFC or disability findings. Instead, the ALJ relied on Medical-Vocational Rule 202.16, which directs a finding of "not disabled" for a younger individual (age 18-44) limited to a maximum of light work, who is illiterate or unable to communicate in English, and whose previous work experience, if any, was unskilled. See ECF No. 5-2, at 18 (citing 20 C.F.R. Part

404, Subpt. P, App'x 2). The Medical-Vocational Guidelines (*i.e.*, the "GRIDs") direct a conclusion of either "disabled" or "not disabled" when a claimant can perform all or substantially all of the exertional demands at a given level of exertion and has no non-exertional limitations. See 20 C.F.R. Part 404, Subpt. P, App'x 2; S.S.R. 83-11. When a claimant has both exertional and non-exertional limitations, however, the ALJ cannot mechanically apply the GRIDs to find a claimant not disabled. See Kobulnicky, 2013 WL 1290955, at *7 (citing Sykes v. Apfel, 228 F.3d 259, 261 (3d Cir. 2000) and Wolf v. Apfel, No. CIV. A. 97-4018, 1998 WL 131729, at *1 (E.D. Pa. Mar. 13, 1998)). Rather, absent a Social Security Ruling or other rulemaking establishing that non-exertional impairments do not significantly erode the occupational base, the ALJ must take additional vocational evidence establishing as much. See id. (citing Sykes, 228 F3d at 261, and Allen v. Barnhart, 417 F.3d 396, 407 (3d Cir. 2005)).

Here, the ALJ posed only two hypotheticals to the VE. [ECF No. 5-2, at 51-53]. Just one of those hypothetical questions included restrictions based on non-exertional limitations, specifically, a limitation to light work involving only simple tasks, simple decisions, and simple instructions coupled with a limitation to occasional fingering and a sit-stand option related to Plaintiff's physical limitations. Id. The second hypothetical contained no limitations other than light work with the sit-stand option. Id. In response to both hypotheticals, the VE opined that there were *no* jobs in the economy that Plaintiff could perform. Id. The ALJ never asked the VE whether there was any light work that Plaintiff could perform involving only the non-exertional limitations contained in his first hypothetical or elicited any other testimony as to the effect of Plaintiff's non-exertional limitations on the occupational base. The ALJ also failed to cite a Social Security Ruling showing that such non-exertional impairments would not significantly erode the occupational base or otherwise explain why he chose not to include the non-exertional limitations

11

from the first hypothetical (or other non-exertional limitations) in his RFC finding. Because the ALJ failed to rely on vocational expert testimony to support his finding of non-disability and/or explain his reasons for mechanically applying the GRIDS despite the presence of non-exertional limitations, remand for further consideration of this issue is required.

**D. WHETHER THE ALJ ERRED IN DETERMINING THAT PLAINTIFF HAS THE RFC TO PERFORM THE FULL RANGE OF LIGHT WORK GIVEN HER PHYSICAL IMPAIRMENTS**

As set forth above, the ALJ determined that Plaintiff could perform a full range of light work as defined in 20 C.F.R. § 404.1567(b), with no additional limitations. As the regulations state, "light work" is work that:

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). Light work typically involves "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." S.S.R. 83-10. In this case, Plaintiff argues that she cannot perform light work given her alleged physical problems and difficulty walking or standing. [ECF No. 8, at 8]. Although she does not dispute that she could perform a limited range of sedentary work given her alleged restrictions, she seeks a partially-favorable decision to the extent the GRID rules would direct a finding of disability as of her 45th birthday if she were restricted to sedentary (as opposed to light) work. See id. at 8-9. Defendant does not disagree with Plaintiff's interpretation of the GRID rules, but argues that substantial evidence supports the

ALJ's finding that Plaintiff can perform light work.[7]

Because I find that the ALJ's assessment of Plaintiff's nonexertional limitations requires remand, as does, by necessity, the formulation of the RFC, I need not address this additional argument. I note, however, that I do find it troubling that the ALJ rejected the functional limitations set forth in the only medical opinion of record (that of consultative examiner, Frank Zimba), and, thus, arguably impermissibly substituted his own judgment for that of a physician. See Terner v. Colvin, Civ. No. 14-1603, 2015 WL 4873929, at * 2 (W.D. Pa. Aug. 13, 2015); see also Fields v. Colvin, Civil Action No. 16-193, 2017 WL 564999, at *3–4 (W.D. Pa. Feb. 13, 2017); Wozniak v. Berryhill, Civil Action No. 16-139, 2017 WL 930791, at *4; Quiroz v. Comm'r of Soc. Sec., Civil Action No. 13-7699 (SRC), 2015 WL 852265, at *2 (D.N.J. Feb. 25, 2015). It also concerns me that the ALJ ordered Dr. Zimba's consultative examination *after* the administrative hearing, suggesting that he felt additional medical evidence was necessary to make a disability determination. See, e.g., Thompson v. Halter, 45 F. App'x 146, 149 (3d Cir. 2002) (stating that an ALJ must order a consultative examination where "such an examination is necessary to enable the ALJ to make the disability decision"); see also ECF No. 5-3 (Ex. 1A) (initial level review stating that a consultative exam was necessary to establish current severity of Plaintiff's impairments). Moreover, any error on this issue would not be harmless given the VE's testimony that there were no light-work jobs Plaintiff could perform with restrictions on standing and walking similar to those contained in Dr. Zimba's opinion.

Accordingly, on remand, the ALJ should further develop the record in order to assure that the RFC is based on expert opinion, or adequately explain why this is one of the rare cases where

---

[7] The ALJ likewise acknowledged that, if Plaintiff had been limited to sedentary work, the Medical-Vocational Guidelines would have directed a finding of "disabled" as of her 45th birthday, October 16, 2013. See ECF No. 5-2, at 51; Medical-Vocational Rule 201.17, 20 C.F.R. Part 404, Subpt. P, App'x 2.

an expert opinion is unnecessary. In addition, even if substantial evidence does support the ALJ's RFC determination with respect to Plaintiff's alleged physical limitations, he must reconsider on remand all of the evidence regarding those limitations *in combination with* any non-exertional limitations as set forth in Section II.C., above.

### III. CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because the ALJ failed to adequately address Plaintiff's non-exertional limitations as set forth more fully herein. The case therefore is remanded for further consideration in light of this Opinion. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied. An appropriate Order follows

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REFIJA HRNJIC,  )
  )
      Plaintiff,  )
  )
vs.  ) Civil Action No. 1:16-302
  )
NANCY A. BERRYHILL, Acting  )
Commissioner of Social Security,[1]  )
  )
      Defendant.  )
  )
  )

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 24th day of January, 2018, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 7] is GRANTED to the extent that this case is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 11] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).